# EXHIBIT A

SUPREME   COURT OF THE STATE OF NEW YORK
COUNTY OF ROCKLAND

ABRAHAM PADWA,

                              Plaintiff,              Index No.

                                                     SUMMONS

                 -against-

MALEN & ASSOCIATES P.C.,
CAPITAL ONE BANK, and MICHAEL ROKICSAK,
                              Defendants,

-----------------------------------------------------------------

To the above named Defendant(s):

        Y O U   A R E   H E R E B Y   S U M M O N E D to answer the complaint
in this action and to serve a copy of your answer on the Plaintiff's Attorney(s) within
20 days after the service of this summons, exclusive of the day of service (or within 30
days after the service is complete if this summons is not personally delivered to you
within the State of New York).   In case of your failure to appear or answer, judgment
will be taken against you by default for the relief demanded in the complaint.

The basis of the venue designated is Plaintiff's address.


Dated:   March 26, 2019

Edward B. Geller, Esq., P.C., Of Counsel to
M. Harvey Rephen & Associates, P.C.          Malen & Associates P.C.
Attorney for Plaintiff                        Defendant
15 Landing Way                                123 Frost Street
Bronx, New York 10464                         Westbury, NY   11590
Tel:(914)473-6783

                                              Capital One Bank
Michael Rokicsak                              Defendant
Defendant                                     1680 Capital One Drive
123 Frost Street                              McLean, VA   22102
Westbury, NY   11590

FILED: ROCKLAND COUNTY CLERK 03/26/2019 04:19 PM
NYSCEF DOC. NO. 1
Case 7:19-cv-03986-KMK    Document 1-1    Filed 05/03/19    Page 3 of 17

INDEX NO. 031572/2019
RECEIVED NYSCEF: 03/26/2019

SUPREME COURT OF THE STATE OF NEW YORK
ROCKLAND COUNTY
----------------------------------------------------------------X

ABRAHAM PADWA,                                   Index No.

                          Plaintiff,

        -against-                                **COMPLAINT**


MALEN & ASSOCIATES P.C.,
CAPITAL ONE BANK, and
MICHAEL ROKICSAK,  Defendant(s).
----------------------------------------------------------------X

        Plaintiff ABRAHAM PADWA("Plaintiff"), by and through his attorneys, M. Harvey

Rephen & Associates, P.C.,by Edward B. Geller, Esq., P.C., Of Counsel, as and for his

Complaint against the Defendants MALEN & ASSOCIATES P.C., CAPITAL ONE BANK, and

MICHAEL ROKICSAK(hereinafter referred to as Defendant(s)"), respectfully sets forth,

complains and alleges, upon information and belief, the following:


### INTRODUCTION/PRELIMINARY STATEMENT

        1.      Plaintiff brings this action on his own behalf for damages and declaratory and

injunctive relief arising from the Defendants' violation(s) of §1692 et seq. of Title 15 of the United

States Code, commonly referred to as the Fair Debt Collections Practices Act ("FDCPA").

### PARTIES

        2.      Plaintiff ABRAHAM PADWA is a resident of the State of NEW YORK, residing

at 137 CLINTON LANE,  SPRING VALEY, NY 10977.

        3.      Defendant MALEN & ASSOCIATES P.C. is a NEW YORK corporation with an

address at 123 FROST STREET,  WESTBURY, NY 11590.

4.      Defendant CAPITAL ONE BANK is a VIRGINIA corporation with an address at 1680 CAPITAL ONE DRIVE, MCLEAN, VA 22102.

5.      Defendant MICHAEL ROKICSAK is an agent of MALEN & ASSOCIATES P.C. with an address at 123 FROST STREET WESTBURY, NY 11590.

6.      The Plaintiff is a "consumer" as the phrase is defined and used in the FDCPA under 15 USC §1692a (3).

7.      The Defendants are "debt collectors" as the phrase is defined and used in the FDCPA under 15 USC §1692a (6).

## FACTUAL ALLEGATIONS

8.      Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "7" herein with the same force and effect as if the same were set forth at length herein.

9.      During Defendants' collection efforts against Plaintiff, Defendant MALEN & ASSOCIATES P.C. hired an agent, Defendant MICHAEL ROKICSACK, to serve and file a summons and complaint against the Plaintiff. The summons was filed in the Supreme Court of the State of New York Rockland County, Index Number 031179/2017 on March 15, 2017.

10.     Defendant MICHAEL ROKICSACK filed with the Supreme Court of the State of New York, Rockland County, the aforementioned pleadings which included an affidavit of service, wherein he swore that he had served said pleadings upon the Plaintiff at 15 STERN STREET, SPRING VALLEY, NY 10977 on March 31, 2017 at 8:10 am by affixing a copy on the Plaintiff's door. Mr. Rokicsack stated in the affidavit of service that he tried several times prior ( March 25, 2017 @10:00pm, 3/30/2017 @8:42pm and 3/31/2017 @10:00am) to serve Plaintiff before affixing the summons the door, He also stated that the location was a private dwelling and he could not

ascertain the Plaintiff's place of business. During the time the Plaintiff was said to be served he was not in the area, as he no longer resided at that residence. This can be proven by his 2016 and 2017 tax returns, which include his current address of 137 Clinton Lane, Spring Valley, NY 10977. The Plaintiff's neighbor at his old address told him that the process server did not even put the papers on the right door of his old house

11.    Since the Plaintiff never received a copy of the summons, he did not respond to the Court in the allotted time frame given and was unaware of any action against him . This resulted in a default judgment being entered against him. The Plaintiff only found out about the default judgement through a settlement company that refereed the case.

## FIRST CAUSE OF ACTION
### (Violations of the FDCPA)

12.    Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "11" herein with the same force and effect as if the same were set forth at length herein.

13.    15 USC §1692 e – preface prohibits a debt collector from using any false, deceptive or misleading representation or means in connection with the collection of any debt.

14.    Defendants Malen & Asociates P.C. and Michael Rokicsak violated 15 USC §1692 e – preface when they made false claims of proper service of process for the purpose of obtaining, under false pretenses, a default judgment against Plaintiff in the Supreme Court of the State of New York, Rockland County. Defendants claimed to complete service of process upon Plaintiff at his place of residence at 15 Stern Street Spring Valley, NY 10977. Defendants have together instituted a policy of negligently and deceitfully failing to confirm the veracity of consumer information in their haste to pursue debt collection from the maximum number of

consumers possible and thereby implement deceitful means and methods to obtain default judgments from consumers without their knowledge.

15.    15 USC §1692 f –preface prohibits a debt collector from using any unfair or unconscionable actions in connection with the collection of a debt.

16.    The Defendants violated 15 USC §1692 f – preface by unfairly and unconscionably using lies and reprehensible and malicious means and methods to deceive the Court into granting default judgments. which allows the Defendants to damage Plaintiff and other debtors and consumers.

## SECOND CAUSE OF ACTION
### *(Intentional Abuse of Service of Process)*

17.    Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "16" herein with the same force and effect as if the same were set forth at length herein.

18.    Abuse of process is improper use of a civil or criminal legal procedure for an unintended, malicious, or perverse reason. It is the malicious and deliberate misuse of regularly issued civil or criminal court process that is not justified by the underlying legal action. Abuse of process includes litigating actions in bad faith intended to delay the delivery of justice. Examples include serving legal papers on persons which have not actually been filed and, as in the instant case, falsely claiming service has been accomplished when it has not.

In 2010, in response to proven abuse by debt collectors to engage in "sewer service," the City Council of New York passed Local Law 7, requiring process servers to keep detailed records of where they serve papers and to use GPS tracking to confirm they appeared where they said they appeared. The GPS records are held by third-party companies. Since that law was passed,

the number of registered process servers in New York has been cut in half, from over 2,000 to just over 1,000. Aware of this, Defendant chose not to use a registered process service, but instead ordered agents and/or employees to sign falsified affidavits of service. A false, fraudulent, or perjurious declaration of service of process misuses "the power of the court; it is an act done in the name of the court and under its authority for the purpose of perpetrating an injustice." *Meadows v. Bakersfield Savings & Loan Assoc.*, (1967) 250 Cal. App.2d 749, 753, 59 Cal. Rptr. 34, 37. Because the process server acts with the imprimatur of the court, his misconduct cannot be tolerated. "To establish a cause of action for abuse of process, a plaintiff must plead two essential elements: that the defendant (1) entertained an ulterior motive in using the process and (2) committed a willful act in a wrongful manner." (*Coleman v. Gulf Insurance Group* (1986) 41 Cal.3d 782, 792 [226 Cal.Rptr. 90, 718 P.2d 77], internal citations omitted.)

### (1) Ulterior Motive

19. Defendants deliberately and intentionally filed with the Clerk of the Supreme Court of the State of New York, Rockland County, an affidavit of service containing specious and fictitious claims, specifically that service of process was made to Plaintiff when it was not and for the ulterior motive of Defendants for the purpose of debt collection.

### (2) Commission of Willful Act in a Wrongful Manner

20 Defendants willfully and intentionally used dishonest means and methods to accomplish debt collection objectives, wrongfully deceiving the Court into granting a default judgment against Plaintiff and others. Defendants knew that service of process was not accomplished, and that Plaintiff had no knowledge of Defendants' Summons and Complaint

and yet wrongfully and deceitfully filed a bogus affidavit of service. Defendants' unscrupulous means and methods of falsifying service of process are part of a strategy which depends upon deliberately concealing Defendants' intentions from their targeted prey such as Plaintiff which, were they actually and truthfully served process, would be revealed, thereby preventing consumers and Plaintiff from learning of Defendant's actions and having their day in court to their detriment until it is too late.  Defendants have thus used the process in a perverted manner to obtain a collateral objective (*Board of Educ. v Farmingdale Classroom Teachers Assn.*, 38 NY2d 397 [1975]).

21.     Pursuant to *Barquis v. Merchants Collection Assn.*, (1972) 7 Cal.3d 94, 104 [101 Cal.Rptr. 745, 496 P.2d 817], where a collection agency intentionally filed actions in improper counties in order to impair the purported debtors' ability to litigate the dispute and to coerce easy settlements  the Court concluded: "Plaintiffs have sufficiently alleged facts which, if true, demonstrate that the agency has in the past been continually committing a gross "abuse of process" and that the agency threatens to continue this unlawful, tortious conduct in the future." Similarly, Defendants continue to conduct such abuse and can be expected to continue to do so in the future.

22.     As a result of Defendants' wrongful and dishonest actions to compel payment of a debt, Defendants are liable to Plaintiff for damages sustained because of Defendants' failure to comply with §1692 et seq. of Title 15 of the United States Code (the FDCPA), and other violations of the FDCPA and for malicious and abusive service of process.

## THIRD CAUSE OF ACTION against ALL DEFENDANTS

### *(Violations of NY General Business Law § 349)*

### COUNT I

### *(Deceptive Trade Practices)*

23.     Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "22" herein with the same force and effect as if the same were set forth at length herein.

24.     Plaintiff is a consumer as that term is defined in New York General Business Law section 349 (NY GBL Sec. 349).

25.     The described acts and practices involved "trade or commerce" as such terms are described in NY GBL Sec. 349, "a) Deceptive acts or practices in the conduct of any business, trade or commerce or in the furnishing of any service in this state are hereby declared unlawful."

26.     An unfair or deceptive practice in the conduct of any trade or commerce is unlawful pursuant to NY GBL Sec. 349.

27.     Defendants made false representations to Plaintiff, including, but not limited to, their intention and decision to file a lawsuit against Plaintiff through the proper means of service of process and notification of same.

28.     The false information given by Defendants constitute false and misleading actions which were vexatious, wanton, unethical, oppressive, unscrupulous, and substantially injurious to Plaintiff as a consumer and amounts to unfair and deceptive trade practices in violation of NY GBL Sec. 349.

29.     Defendants' actions and conduct would be offensive to persons of ordinary

sensibilities.

30.    Defendants' actions and conduct were not privileged, were deceptive, intent on obtaining a judgment against Plaintiff.

31.    Each verbal and written statement of Defendants stating that Plaintiff was served process and was apprised of Defendant's actions and was knowingly in default is an unfair, deceptive and separate violation of NY GBL Sec. 349 a).

32.    Each attempt by Defendants to characterize Plaintiff as apprised of a lawsuit against him is an unfair, deceptive and separate violation of NY GBL Sec. 349 a).

33.    Defendants' described acts and practices offend established public policy and/or are unprofessional, careless, unethical, oppressive, unscrupulous and/or substantially injurious to consumers and are therefore unfair in violation of NY GBL Sec. 349.

34.    Defendants' described acts and practices involved material representations, omissions or practices that misled and deceived Plaintiff and have been shown to have mislead other consumers acting reasonably under the circumstances and were therefore deceptive in violation of NY GBL Sec. 349 a).

35.    Pursuant to NY GBL Sec. 349, Plaintiff is a consumer who is injured by unfair and deceptive trade business practices and is entitled for each unfair and deceptive trade business practice to be awarded a sum not less than $1,000.00 or threefold any damages, and reasonable attorneys' fees together with costs of this action.

## FOURTH CAUSE OF ACTION

### *(Bad Faith)*

36.     Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "35" herein with the same force and effect as if the same were set forth at length herein.

37.     Defendants owed Plaintiff a fiduciary duty to deal with him in good faith and in a fair manner.

38.     Defendants failed to deal with Plaintiff in good faith and in a fair manner by failing to serve him properly, which would have informed the Plaintiff of the fact that Defendants had filed a lawsuit against him and a default Judgment had been granted against him.

39.     As a result of Defendants' actions and conduct, Plaintiff has suffered various injuries and damages in such amounts as shall be determined at the time of trial.

## FIFTH CAUSE OF ACTION

### *(Misrepresentation)*

40.     Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "39" herein with the same force and effect as if the same were set forth at length herein.

41.     Defendants have continuously and intentionally misrepresented the full nature of their agency and/or collection efforts, omitting material facts and making numerous false representations to Plaintiff for the obvious purpose of concealing from Plaintiff their intention to obtain a default judgment against him.

42.    Defendants knew or should have known that their misrepresentations were false, misleading, vexatious, willful, wanton and malicious and that Plaintiff would be unaware of Defendant's actions to his detriment.

43.    Plaintiff asserts a claim for punitive damages for willful, wanton, vexatious and malicious misrepresentations in such amounts as will be proven at trial.

## SIXTH CAUSE OF ACTION

### (Defamation)

44.    Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "43" herein with the same force and effect as if the same were set forth at length herein.

45.    Defendants negligently and/or recklessly and/or intentionally published or caused to be published slanted and defamatory statements about Plaintiff and Plaintiff's credit to third-parties and/or others, thereby placing his ability to seek and find credit in jeopardy.

46.    The actions by Defendants lacked any justification or privilege and were an abuse of legitimate legal means to improperly litigate while knowing that the Plaintiff was not cognizant of such actions.

47.    As a direct and proximate result of the defamation by Defendants, Plaintiff has suffered consequential, special and general damages in such amounts as shall be proven at trial and further claims for punitive damages for wrongful acts.

INDEX NO. 031572/2019

Case 7:19-cv-03986-KMK    Document 1-1    Filed 05/03/19    Page 13 of 17

RECEIVED NYSCEF: 03/26/2019

## SEVENTH CAUSE OF ACTION

### *(Negligent Infliction of Emotional Distress)*

48.    Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "47" herein with the same force and effect as if the same were set forth at length herein.

49.    Defendant owed Plaintiff a duty to avoid negligently inflicting severe mental and emotional distress upon Plaintiff, which duty continues currently.

50.    Defendants caused Plaintiff to suffer severe mental and emotional distress by placing him in a position of having a default judgment be entered against him.

51.    As a direct and proximate result of the wrongful actions and/or omissions of Defendants, Plaintiff suffered humiliation, embarrassment, severe anxiety, pain and mental anguish, all to his damage.

52.    As a direct and proximate result of the intentional and/or negligent and/or reckless infliction of emotional distress, Plaintiff demands consequential, special and general damages in such amounts as shall be proven at trial.

## EIGHT CAUSE OF ACTION

### *(Intentional Infliction of Emotional Distress)*

53.    Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "52" herein with the same force and effect as if the same were set forth at length herein.

54.    Defendants had a duty to avoid intentionally inflicting severe and emotional distress

upon Plaintiff.

55.    Defendants breached their duties by causing Plaintiff to suffer extreme and egregious mental and emotional distress, by intentionally and/or recklessly, willfully, and maliciously misleading him regarding his rights to be aware of Defendants' proposed legal actions against him and other wrongful and misleading acts with full knowledge of the extreme and severe damage to his health and wellbeing Defendants were causing Plaintiff.

56.    As a direct and proximate result of the intentional wrongful actions and conduct and/or omissions of Defendants as alleged above, Plaintiff's health and wellbeing were damaged, causing Plaintiff severe pain and mental anguish, all to his damage.

57.    As a direct and proximate result of the intentional, willful, wanton and malicious acts and conduct to and against Plaintiff, Defendants caused Plaintiff harm, including the infliction of emotional distress and pain, mental anguish and anxiety. Plaintiff demands consequential, special general and punitive damages in such amounts as will be proven at trial.

## NINTH CAUSE OF ACTION

### *(Tort of Outrage)*

58.    Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "57" herein with the same force and effect as if the same were set forth at length herein.

59.    Being that Plaintiff is a person and a consumer who is entitled to good faith and fair dealing, who due to the malicious, willful and wanton acts and conduct of Defendants, which was extreme and outrageous, suffered severe emotional distress, mental anguish and anxiety by

Defendants wrongfully and falsely deceiving him into defaulting and manufacturing false records to represent that him was served process and wrongfully placing his credit rating and personal capacity in jeopardy, Plaintiff demands special, general and punitive damages in such amounts as shall be proven at trial.

## TENTH CAUSE OF ACTION

### (Unconscionability)

60.    Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through 59" herein with the same force and effect as if the same were set forth at length herein.

61.    Defendants have engaged in unconscionable behavior and acts to the detriment of Plaintiff, including but not limited to failing to properly serve process upon Plaintiff in a timely manner and to apprise him of their intentions to file a lawsuit against him and making false and misleading representations regarding Plaintiff's knowledge of Defendant's intentions.

62.    As a direct and proximate result of the intentional and/or negligent and/or reckless infliction of emotional distress, Plaintiff demands special, general and punitive damages in such amounts as shall be proven at trial.

63.    As a result of Defendant's violations of the FDCPA, Plaintiff has been damaged and is entitled to damages in accordance with the FDCPA.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff demands judgment from the Defendants as follows:

A.     For actual damages provided and pursuant to 15 USC §1692k (a) (1) in the amount of $50,000.00;

B.     For statutory damages provided and pursuant to 15 USC §1692(2)(A);

C.     For statutory damages provided and pursuant to 15 USC§1692k(2)(B);

D.     For attorneys' fees and costs provided and pursuant to15USC§1692(a) (3);

E.     A declaration that the Defendant's practices violated the FDCPA;

F.     For any such other and further relief, as well as further costs, expenses and disbursements of this action, as this Court may deem just and proper.

Dated:     New York, New York
           March 6, 2019

                                   Respectfully submitted,


                                   By: _____
                                   Edward B. Geller, Esq.
                                   Edward B. Geller, Esq., P.C., Of Counsel to
                                   M. HARVEY REPHEN & ASSOCIATES, P.C.
                                   15 Landing Way
                                   Bronx, New York 10464
                                   Phone: (914)473-6783

                                   *Attorney for the Plaintiff ABRAHAM PADWA*

Case 7:19-cv-03986-KMK    Document 1-1    Filed 05/03/19    Page 17 of 17

## AFFIRMATION

I, Abraham Padwa, under the penalty of perjury, deposes and say:

I am the Plaintiff in the above entitled action. I have read the foregoing Complaint and know the contents thereof. The same are true to my knowledge, except as to matters therein stated to be alleged on information and belief and as to those matters I believe them to be true.

_____

Abraham Padwa

_____

Sworn to before me this 11th day of MARCH 2019

_____
Notary Public

YAKOV BREUER
Notary Public, State of New York
Reg. No. 01BR6141645
Qualified in Rockland County
Commission Expires Feb. 21, 20 22